UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE SIMMS,<br><br>                    Plaintiff,<br><br>        v.<br><br>SALLY ANDERSON, et al.,<br><br>                    Defendants. | No. 2:16-cv-2389 MCE KJN P<br><br><br>ORDER |

Plaintiff, presently housed at the Butte County Jail, is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4  　　　　The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9  　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18  1227.

19  　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific
26  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
27  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93
28  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

2

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff names two individuals as defendants:  Kory L. Honea, Sheriff, Butte County Jail; and Sally Anderson, "Legal Advocate," "Owner of law firm," and "Chico State College Professor."  (ECF No. 1 at 2.)  While not entirely clear, it appears that plaintiff contends that Sally Anderson used her position and authority to circumvent the consent decree governing the Butte County Jail, breaching plaintiff's right to the jail's law library.  Plaintiff claims Anderson is in charge of a legal clinic at Chico State University, and that interns at that clinic staff the jail law library.  Plaintiff appears to allege that Anderson told these interns not to research "into torts and law" for plaintiff because it is a "conflict."  (ECF No. 1 at 3.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

3

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

First, plaintiff includes no charging allegations as to the sheriff.  To the extent that plaintiff attempts to hold the sheriff responsible based on the sheriff's role in supervising the jail, such effort is unavailing.  There is no respondeat superior liability in a § 1983 action.

Second, as to defendant Anderson, plaintiff attempts to bring a retaliation claim. "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, however, plaintiff fails to allege facts demonstrating that Ms. Anderson acted under color of state law.[1]

Third, plaintiff also claims his reputation has been "shattered." (ECF No. 1 at 3.)  In Paul v. Davis, 424 U.S. 693, 712 (1976), the Supreme Court held that any harm or injury to an individual's reputation, even where inflicted by a government official, does not result in a deprivation of "liberty" or "property" and does not invoke the procedural protection of the due

---

[1] Plaintiff also alleges that he was unable to research "torts and the law."  However, the right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions.  Lewis v. Casey, 518 U.S. 343, 354 (1996).  Thus, it does not appear that plaintiff can amend his complaint to raise an access to the courts claim.

1  process clause. Id. Thus, whatever injury plaintiff suffered due to defendant Anderson's actions,
2  that injury does not rise to one of constitutional dimensions.

3  Finally, plaintiff may not pursue any claims in this action based on the alleged violation of
4  the consent decree governing the Butte County Jail. The consent decree was not issued in this
5  court, but was apparently issued in Butte County Superior Court, Case No. 84429. To the extent
6  that plaintiff wishes to seek assistance that he believes is due pursuant to such consent decree,
7  plaintiff "must pursue his request via the consent decree or through class counsel." Crayton v.
8  Terhune, 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Plaintiff may not sue for damages
9  in this action solely on the basis that certain individuals allegedly violated the consent decree.
10 Such claims fail as a matter of law.

11 Therefore, the court finds the allegations in plaintiff's complaint so vague and conclusory
12 that it is unable to determine whether the current action is frivolous or fails to state a claim for
13 relief.  Thus, the complaint must be dismissed. The court, however, grants leave to file an
14 amended complaint.

15 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
16 about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
17 Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
18 named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
19 some affirmative link or connection between a defendant's actions and the claimed deprivation.
20 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
21 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
22 rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
24 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
25 complaint be complete in itself without reference to any prior pleading. This requirement exists
26 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
27 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
28 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

1 original complaint, each claim and the involvement of each defendant must be sufficiently
2 alleged.
3     In accordance with the above, IT IS HEREBY ORDERED that:
4     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
5     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
6 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
7 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
8 Butte County Sheriff filed concurrently herewith.
9     3.  Plaintiff's complaint is dismissed.
10     4.  Within thirty days from the date of this order, plaintiff shall complete the attached
11 Notice of Amendment and submit the following documents to the court:
12       a.  The completed Notice of Amendment; and
13       b.  An original and one copy of the Amended Complaint.
14 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
15 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
16 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
17 Failure to file an amended complaint in accordance with this order may result in the dismissal of
18 this action.
19 Dated:  December 8, 2016

/simm2389.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ROBERT LEE SIMMS,                              No.  2:16-cv-2389 MCE KJN P
12              Plaintiff,
13        v.                                        NOTICE OF AMENDMENT
14   SALLY ANDERSON, et al.,
15              Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
19           _____          Amended Complaint
     DATED:
20
21                                                  _____
                                                    Plaintiff
22
23
24
25
26
27
28